UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH TATUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00710-SRC |
| | ) | |
| SODEXO, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **Amended Memorandum and Order**

By a long and winding road, Kenneth Tatum's motion to remand turns on whether he asserts colorable claims against either SSM DePaul or James Nelson under Missouri law. Sodexo and SSM Depaul argue that he doesn't, and that he only asserts those claims to require remand. *See* doc. 29 at 3. Because the Court disagrees, it remands this case.

## I. Background

Tatum sued Sodexo, SSM DePaul, and Nelson in state court, and Sodexo and SSM DePaul removed the case to this Court. *See* doc. 1. Tatum then moved to remand the case for lack of jurisdiction, docs. 15, 20, and filed an amended complaint, doc. 22. Sodexo and SSM DePaul moved to dismiss. Docs. 25, 27.

Because "a federal court's jurisdiction depends on what the new complaint says," the Court examines the allegations in the amended complaint to determine subject-matter jurisdiction. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). Tatum alleges that while working as a Sodexo employee assigned to work at an SSM DePaul hospital, his supervisor Nelson sexually harassed him repeatedly and battered him by pulling his hair. Doc. 22 at ¶¶ 11–23. He furthers alleges that Sodexo and SSM DePaul failed to provide a safe workplace or take adequate remedial action, thereby causing him to leave his job because of the "hostile, unsafe, and humiliating" workplace. *Id.* at ¶¶ 29–34.

Tatum asserts three causes of action. First, he asserts Sodexo, SSM DePaul, and Nelson violated the Missouri Human Rights Act because their actions and omissions caused sexual harassment and a hostile work environment. *Id.* at ¶¶ 43–51. Second, he asserts a common-law battery claim against Nelson for pulling his hair and against Sodexo under a theory of respondeat superior. *Id.* at ¶¶ 52–59. Third, he asserts a "Premises Liability/Negligence" claim against SSM DePaul for "ignoring known dangerous conditions at the [p]remises it owned and controlled" and for failing to preserve footage of Nelson's battery. *Id.* at ¶¶ 60–68.

Sodexo and SSM DePaul allege that Tatum is a Missouri citizen. Doc. 1 at ¶ 11; *see also* doc. 14 at 1 (Tatum's disclosure statement listing his state of citizenship as "Missouri"). They also allege that Sodexo is a citizen of Delaware and Maryland. Doc. 1 at ¶ 12; *see* doc. 4 at 1 (describing Sodexo's place of incorporation as Delaware and its principal place of business as Maryland). And further, they claim that Nelson and SSM are Missouri citizens. Doc. 1 at ¶¶ 15–16; *see* doc. 15 at 10; doc. 21 at 10 (alleging that Nelson is a citizen of Missouri); doc. 22 at ¶ 4 (noting that, "upon information and belief," Nelson "resides in Missouri"); *see Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 778 n.6 (8th Cir. 2014) (providing that allegations that a party "resides" in a state is sufficient to allege the party's citizenship there); doc. 9 at 1 (listing Missouri as SSM DePaul's state of incorporation and principal place of business).

Through a complex chain of reasoning, Tatum's motion to remand hinges on whether he asserts colorable claims against either SSM DePaul or Nelson under Missouri law. The Court must remand for lack of subject-matter jurisdiction if, as Tatum argues, he shares a state of citizenship with Nelson or SSM DePaul. *See* docs. 15, 20. But the Court would not remand if, as Sodexo and SSM DePaul argue, Tatum fraudulently joined SSM DePaul and Nelson to require remand. *See* doc. 29 at 3. And Tatum didn't fraudulently join them if Missouri state law "might impose liability on the resident defendant under the facts alleged." *Johnson v. Midwest*

*Div. - RBH, LLC*, 88 F.4th 731, 735 (8th Cir. 2023). Because the Court finds that Missouri state law might impose liability, it grants the Motion to Remand.

## II. Standard

A defendant may remove "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). One kind of original jurisdiction is diversity jurisdiction, which "requires an amount in controversy greater than $75,000 and complete diversity of citizenship." *Johnson*, 88 F.4th at 735 (citing 28 U.S.C. § 1332(a)). Complete diversity requires that "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 839 (8th Cir. 2022) (citation omitted).

Conversely, plaintiffs can successfully move to remand cases to state court "if it appears that the district court lacks subject matter jurisdiction," such as when the parties lack complete diversity. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citing 28 U.S.C. § 1447(c)). But one "exception to the complete diversity rule" is fraudulent joinder, which "occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Id.* at 620.

To prove fraudulent joinder, a defendant must show that the plaintiff's claim against the relevant defendant has "no reasonable basis in fact and law supporting a claim." *Libbra v. Mercer Invs. LLC*, No. 4:26-cv-00410-SRC, 2026 WL 2224642, at *2 (E.D. Mo. Aug. 3, 2026) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). In other words, "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent." *Filla*, 336 F.3d at 810 (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)). But joinder is not

fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811.

Courts "should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor" when determining if the joinder was fraudulent, *id.*, and if the sufficiency of the complaint is questionable, the "better practice" is "to remand the case and leave the question for the state courts," *id.* (quoting *Iowa Pub. Serv. Co.*, 556 F.2d at 406).

## III. Discussion

The Court finds that Tatum alleges a colorable battery claim against Nelson under Missouri law. Tatum alleges that Nelson "intentionally and without justification physically grabbed and pulled [Tatum's] hair in the workplace breakroom," constituting "intentional, harmful, and offensive contact." Doc. 22 at ¶¶ 53–54. He claims that "[a]t the time of the battery, Nelson was acting within the scope of his employment as a supervisor and General Manager employed by Sodexo." *Id.* at ¶ 58. Based on this conduct, Tatum alleges a common law battery claim against Nelson. *See id.* at ¶¶ 52–59.

Sodexo and SSM DePaul argue that the MHRA and Missouri Workers' Compensation Law clearly preempt Tatum's battery claim. *See* doc. 29 at 4–10; *see also* Mo. Rev. Stat. § 213.070.2 (providing that both statutes are "the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship"). As discussed below, the Court disagrees. Because Missouri law might impose liability against Nelson on Tatum's battery claim, *see* doc. 22 at ¶¶ 52–59, the Court lacks subject-matter jurisdiction and remands this case to the Circuit Court of St. Louis County, Missouri.

### A. The MHRA doesn't clearly preempt Tatum's battery claim against Nelson

Sodexo and SSM DePaul argue that the MHRA preempts the battery claim. Doc. 29 at 4. The MHRA states:

> It shall be an unlawful discriminatory practice for an employer, employment agency, labor organization, or place of public accommodation:
>
> (1) To aid, abet, incite, compel, or coerce the commission of acts prohibited under this chapter or to attempt to do so;
>
> (2) To retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter;
>
> (3) For the state or any political subdivision of this state to discriminate on the basis of race, color, religion, national origin, sex, ancestry, age, as it relates to employment, disability, or familial status as it relates to housing; or
>
> (4) To discriminate in any manner against any other person because of such person's association with any person protected by this chapter.

Mo. Rev. Stat. § 213.070.1. In 2017, Missouri made several amendments to this statute and the applicable definitions listed in Missouri Revised Statute section 213.010. For example, Missouri made section 213.070 and two other statutes "the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." Mo. Rev. Stat. § 213.070.2. In other words, section 213.070.2 preempts such claims.

Thus, the fraudulent-joinder analysis raises the question of whether "there is arguably a reasonable basis for predicting that" section 213.070.2 does *not* preempt Tatum's battery claim against Nelson. *Filla*, 336 F.3d at 811. The Court finds that a reasonable basis does exist.

Sodexo and SSM DePaul argue that "the MHRA 'supersedes and displaces' any common law claims relating to the employment relationship because it 'provides for all remedies available at common law.'" Doc. 29 at 4 (quoting *State ex rel. Church & Dwight Co. v. Collins*, 543 S.W.3d 22, 28 (Mo. 2018)). They further argue that because the "tort claim is indisputably based on the same facts as [Tatum's] sex harassment claim pursuant to the MHRA (against all

Defendants) and arises from his employment relationship with Sodexo, [Tatum's] common law battery claim is preempted by the MHRA." *Id.* at 7.

First, Tatum's battery claim is not indisputably based on the same facts as his MHRA harassment claim. Sodexo and SSM DePaul allege that Tatum's MHRA claim and battery claim rely on the same facts, in part because Tatum initially pleaded all facts under only an MHRA claim. *See* doc. 8 at ¶¶ 37–44; doc. 29 at 6. They note Tatum's statement that "[t]he Amended Complaint does not assert new factual allegations." *Id.* (citing doc. 21 at 5).

But even if Tatum asserted the same facts in both complaints, that does not mean that his amended complaint asserts the same facts for both counts. In his amended complaint, Tatum alleges under his MHRA claim that Nelson engaged in "sexualized communications, repeated inappropriate conduct, and unwelcome physical touching of a sexual nature." Doc. 22 at ¶ 45. But for his battery claim, Tatum alleges that Nelson "intentionally and without justification physically grabbed and pulled [Tatum's] hair in the workplace breakroom," constituting "intentional, harmful, and offensive contact." *Id.* at ¶¶ 53–54. There's no clear factual overlap between the alleged "sexualized communications [and] repeated inappropriate conduct" underlying the MHRA claim and the alleged hair pulling underlying the battery claim. *Id.* at ¶¶ 45, 53–54. So even if the "unwelcome physical touching of a sexual nature" was the same incident as the hair pulling, these are therefore different facts for different claims.

Second, a Missouri state court might find that the alleged battery occurred outside the scope of Nelson's employment. Sodexo and SSM DePaul argue that the amended complaint's allegations "leave no question that the alleged battery occurred at the workplace and within the scope of Nelson's employment relationship with Sodexo." Doc. 29 at 7. Tatum replies that the allegations "present[] a disputed factual and legal question as to whether it falls within the scope of employment." Doc. 30 at 4.

The Court agrees with Tatum that a Missouri state court could find that the alleged incident occurred outside the scope of employment. *See Payne v. Wal-Mart Stores E. I, LP*, No. 4:25-cv-00232-SRC, 2025 WL 2379733, at *5 (E.D. Mo. Aug. 15, 2025). In *Payne*, one co-worker allegedly touched a co-worker in a sexual manner in the workplace. *Id.* The Court found there that "certainly touching a co-worker . . . in the manner" alleged "fell outside the scope of both [employees'] employment relationship with each other and their respective employment relationships with" their employer under MHRA. *Id.* The Court further found that the "absence of guidance from Missouri state courts leaves the Court with lingering questions about the scope of the exclusive-remedy provision and how it applies here." *Id.* at *4. Just as in *Payne*, the Court "need not, and should not, definitively resolve those questions" and leaves them for Missouri state courts. *Id; see also Johnson v. Hertz Corp.*, No. 4:24-cv-00827-SRC, 2024 WL 4751310, at *5 (E.D. Mo. Nov. 12, 2024). The Court therefore finds Tatum might state a colorable claim notwithstanding the MHRA.

### B. The Missouri Workers' Compensation Law doesn't clearly preempt Tatum's battery claim against Nelson

The Court finds that, because the Missouri Workers' Compensation Law doesn't clearly preempt Tatum's battery claim against Nelson, he pleads a colorable claim. Sodexo and SSM DePaul assert that because "[Tatum] alleges that Nelson was 'acting within the course and scope of his employment' when he purportedly battered [Tatum], his common law battery claim is likewise preempted by the exclusive remedy provided in the" Missouri Workers' Compensation Law. Doc. 29 at 8–10. Tatum replies that "whether a co-employee's act of intentional sexual battery arises 'out of and in the course of employment' for [Missouri Workers' Compensation Law] purposes is precisely the factual dispute that the Labor Commission has jurisdiction to address." Doc. 30 at 5 (quoting *Thompson v. W.-S. Life Assurance Co.*, 82 S.W.3d 203, 209 (Mo. Ct. App. 2002)). The Court agrees with Tatum.

The statute states:

> Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident or occupational disease arising out of and in the course of the employee's employment. Any employee of such employer shall not be liable for any injury or death for which compensation is recoverable under this chapter and every employer and employees of such employer shall be released from all other liability whatsoever, whether to the employee or any other person, except that an employee shall not be released from liability for injury or death if the employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury. The term "**accident**" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

Mo. Rev. Stat. § 287.120.1. Tatum might state a colorable claim against Nelson, because a co-employee may be liable for common-law battery despite the Missouri Workers' Compensation Law.

First, the battery claim might be considered outside the scope of employment and so not preempted by the statute. *See Payne*, 2025 WL 2379733, at *5 (finding that a physical touching of a sexual nature was on the facts alleged "certainly" outside the scope of employment).

Second, even if the alleged battery occurred in the scope of employment, the statutory exception may apply. Rather than "preempt the common law claim and create a new statutory cause of action for co-employees to bring against their culpable co-workers," this section of the statute merely "provides immunity to co-employees and employers unless the statutory exception applies." *Brock v. Dunne*, 637 S.W.3d 22, 28 (Mo. 2021). This immunity is limited. Co-employees "are statutorily immune from liability unless they engaged in an affirmative negligent act that *purposefully* and dangerously caused or increased the risk of injury." *Id.* But courts have found that this includes intentional torts. *See Burns v. Smith*, 214 S.W.3d 335, 338 (Mo. 2007) ("[T]he notion of an 'affirmatively negligent act' certainly includes the commission of an intentional tort . . . ." (citation omitted)); *Matthews v. Syncreon.us, Inc.*, No. 20-cv-6140-SRB, 2020 WL 6538332, at *4 (W.D. Mo. Nov. 6, 2020) (noting that "[b]ecause Plaintiff . . .

asserts assault and battery, not negligence . . . , a state court might conclude that the [Missouri Workers' Compensation Law] does not shield [the defendant] . . . from liability"). A Missouri court might therefore find that the statute does not preempt the alleged intentional tort of battery.

Because the state court is in the best position to address the merits of Tatum's claim, the "better practice" here is to remand the case. *Filla*, 336 F.3d at 811 (citation omitted); *see also Taylor v. Clark Equip. Co.*, No. 4:22-cv-00201-SRC, 2022 WL 1640372, at *3–5 (E.D. Mo. May 24, 2022) (remanding when ambiguities existed regarding co-employee liability under the Missouri Workers' Compensation Law).

## IV. Conclusion

Accordingly, the Court grants Tatum's [15] [20] Motions to Remand, denies as moot both [25] [27] motions to dismiss, and remands this case to the Circuit Court of St. Louis County, Missouri, for lack of subject-matter jurisdiction per 28 U.S.C. § 1447(c). An Amended Order of Remand accompanies this Amended Memorandum and Order. The Court directs the Clerk of Court to close this case and mail a certified copy of this Amended Memorandum and Order and the Amended Order of Remand to the clerk of the state court.

So ordered this 16th day of November 2026.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE